UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL A. JOHNSON,

          Petitioner,

   v.

UNITED STATES OF AMERICA,

          Respondent.

CASE NO. C14-0164RSM

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

## I. INTRODUCTION

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Dkt. # 1). Michael A. Johnson challenges the 240-month sentence imposed on him by this Court after he was convicted on numerous counts involving trafficking of methamphetamine, firearms and explosives. Petitioner challenges his sentence on the basis that he has newly-discovered evidence demonstrating an intentional omission from the search warrant application, which he believes should lead to a finding that the search warrant itself was deficient. As a result, Petitioner argues that his convictions should be vacated. After full consideration of the record and for the reasons set forth below, Mr. Johnson's § 2255 Petition is DENIED.

## II. BACKGROUND

Mr. Johnson's convictions result from a lengthy investigation by the DEA Task Force into a suspected drug trafficking conspiracy involving the La Familia drug cartel. Mr.

ORDER DENYING § 2255 PETITION - 1

Johnson's Petition raises concerns about the warrant obtained to search the residence where he was ultimately located and taken into custody.

On October 19, 2009, DEA Task Force Officer Corey Williams executed a 94-page, sworn Affidavit in support of an application for search warrants for 12 residences and 23 vehicles. Case No. 09-mj-531MAT. Magistrate Judge Mary Alice Theiler issued the warrants the same day. On October 20, 2009, Officer Williams submitted a separate sworn Affidavit in support of an application for additional search warrants, one of which was to search a residence located at 135 South Ann Street, Monroe, WA. Case No. 09-mj-534, Dkt. #17-3.1. The Affidavit supporting the application for the South Ann Street warrant referenced a Christopher Jeter as the primary resident, and cited numerous instances of surveillance with other alleged co-conspirators at that address. Mr. Johnson was not mentioned in the Affidavit. The warrants were approved the same day.

In the meantime, also on October 20, 2009, Snohomish County Sheriff's Detective Nichole Richardson spoke with Christopher Jeter, who was an informant for Detective Richardson, and who, unbeknownst to him at the time, was also a suspect in the trafficking conspiracy. Case No. CR10-0024RSM, Dkt. #97 at 36-41. During that conversation, Mr. Jeter informed Detective Richardson that his brother, Michael Johnson, lived upstairs in his house and was selling methamphetamine. *Id.* He provided a birth date as well for identification purposes. Detective Richardson recalled that Mr. Jeter said he lived at "the recycling station." She believed he also told her his specific address was 135 South Ann Street. Detective Richardson subsequently called Officer Williams and relayed the information, although she does not recall where Officer Williams was with respect to the search warrant process when she spoke to him. Detective Richardson recalls informing Officer Williams that Mr. Johnson

ORDER DENYING § 2255 PETITION - 2

"lived upstairs" from Mr. Jeter and owned a pit bull so he could appropriately inform his entry team when they executed the search warrant. CR10-0024RSM, Dkt. #97 at 50.

On October 21, 2014, federal and local officers executed that warrant at 135 South Ann Street. Mr. Johnson and a female were located in an upstairs bedroom, and Mr. Johnson was arrested. CR10-0024RSM, Dkt. #21, Ex. A. Mr. Jeter was arrested elsewhere after a traffic stop. *Id.*

On October 29, 2009, Mr. Jeter was one of 20 defendants charged in a First Superseding Indictment alleging drug trafficking and money laundering conspiracies. CR09-0362RSM, Dkt. #75. He ultimately pleaded guilty to possession with intent to distribute methamphetamine and was sentenced to 46 months in prison. CR09-0362RSM, Dkts. #361 and #410.

On February 4, 2010, Mr. Johnson was charged in a separate indictment alleging conspiracy to distribute methamphetamine, possession of methamphetamine with intent to distribute, felon in possession of a firearm, and felon in possession of explosives. CR10-0024RSM, Dkt. #1. The latter three counts were based on evidence gathered during the October 2009 search at 135 South Ann Street. The first count was also based on wiretap and surveillance evidence connected to that location. CR10-0024RSM. Mr. Johnson went to trial and was convicted on all counts. CR10-0024RSM, Dkt. #48, #56 and #63. On December 10, 2010, Petitioner was sentenced to the mandatory minimum term of 240 months in prison. CR10-0024RSM, Dkt. #91.

Prior to his trial, Mr. Johnson had moved to suppress evidence found at 135 South Ann Street. CR10-0024RSM, Dkt. #16 and #17. The motion was based, *inter alia*, on the argument that the search warrant lacked particularity with respect to the search of the upstairs living unit.

ORDER DENYING § 2255 PETITION - 3

Mr. Johnson argued that the search warrant had described the residence as a single family residence, but that it should have been clear to the officers upon entry that the residence was in fact two separate living units, thus requiring a separate warrant for the upstairs living unit. *Id.* Both Detective Richardson and Officer Williams provided testimony at a hearing on the motion.  CR10-0024RSM, Dkt. #97.  The testimony included information about when Detective Richardson was told that Mr. Johnson "lived upstairs" and whether she provided that information to Officer Williams. *Id.* Testimony further included information about whether it was clear to the officers that the space was in fact two separate living units. *Id.* At the end of the hearing, the Court denied the motion, finding sufficient evidence to support probable cause to search the entire property located at 135 South Ann Street, regardless of the internal layout of the house.  The Court also rejected Petitioner's particularity argument regarding the alleged separate living units, noting that the information provided to Detective Richardson by Mr. Jeter at the time was uncorroborated, that there was no separate house number for Mr. Johnson's living unit, no separate address, no 135A or 135B designation, and that the flow of the house went directly upstairs upon entry through the front door.  As a result, the Court found there was no Fourth Amendment violation. *Id.* at 123-124.

Mr. Johnson appealed, in part challenging the suppression rulings.  Ninth Circuit Court of Appeals Case No. 10-30364.  The Court of Appeals affirmed the rulings.  Mr. Johnson sought panel and *en banc* rehearing, both of which were denied.  Court of Appeals Case No. 10-30364, Dkt. #37.  Mr. Johnson then filed a petition for certiorari to the United States Supreme Court, which was denied on October 1, 2012.  Court of Appeals Case No. 10-30364, Dkt. #40.

ORDER DENYING § 2255 PETITION - 4

In July of 2013, Mr. Johnson was transferred to custody at United States Penitentiary Lee in Jonesville, VA. Dkt. #2, Ex. 3. Once there, Mr. Johnson made several requests to review his legal documents; however, due to conflicts with scheduling and housing transfers within the penitentiary, he did not obtain his legal documents until November 2013. *Id.* Mr. Johnson alleges that upon receipt of his documents, he promptly provided them to "a jailhouse litigant by the name of Nyron Nichols." Dkt. #2 at 12. Mr. Nichols apparently reviewed the papers and notified Mr. Johnson of an unsigned, undated affidavit of Christopher Jeter that Mr. Johnson now believes had been filed with this Court during Mr. Jeter's criminal proceedings. In that affidavit, Mr. Jeter purports to have specifically informed Detective Richardson that the residence at 135 South Ann Street contained two separate living spaces and that she would need a separate warrant for the upstairs living space. Dkt. #2 at 12 and Ex. A. Mr. Johnson apparently then contacted Mr. Jeter about the affidavit. According to Mr. Johnson, Mr. Jeter was shocked that the affidavit had been included in the legal documents, but supplied a second affidavit to Mr. Johnson reaffirming in greater detail what he had said to Detective Richardson on October 20, 2009 (specifically that there were two separate living units in the residence), and when he had provided her with that information (now alleging that he provided such information a month to a month-and-a-half prior to the execution of the search warrant). Dkt. #2 and 12 and Ex. 3. These affidavits provide the basis for the instant motion.

### III.    DISCUSSION

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. Petitioner challenges his sentence on the

ORDER DENYING § 2255 PETITION - 5

grounds that newly-discovered evidence demonstrates deficiencies with the search warrant leading to his arrest. The Court finds that Petitioner is not entitled to an evidentiary hearing in this matter because the Petition, files, and totality of the record conclusively demonstrate that he is not entitled to relief. *See United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

### A. Alleged Fourth Amendment Violation

Mr. Johnson asks this Court to vacate his sentence based on the discovery of new evidence, the aforementioned affidavits of Mr. Jeter, that, had the information been previously known, would have demonstrated the insufficient particularity of the October 2009 search warrant for 135 South Ann Street. Dkts. #1 and #2. Mr. Johnson does not seek to revisit the prior ruling on his motion to suppress. Indeed, he agrees that the information he has now was not known, and therefore not provided to the Court, at the time of his suppression hearing. Dkt. #10. Rather, Mr. Johnson asks this Court to review and consider the two affidavits from Mr. Jeter and then determine whether there was sufficient particularity to support a search of his upstairs living unit. *Id.* Mr. Johnson also urges the Court to find that officers knew or should have known at the time of the execution of the warrant that the upstairs portion of 135 South Ann Street was a separate living unit that would have required a separate search warrant. Dkt. #2 and #10.

### B. Motion for Appointment of Counsel and Evidentiary Hearing

Mr. Johnson has simultaneously filed a consolidated Motion for Appointment of Counsel and Evidentiary Hearing. Dkt. #3. Mr. Johnson acknowledges that he does not know whether Officer Williams knew any information provided by Mr. Jeter to Detective Richardson at the time he sought the October 2009 search warrants, but asserts that an evidentiary hearing is required to elicit such information. Dkt. #3 at 2 and Dkt. #10 at 3, fns. 2 and 3. He also

ORDER DENYING § 2255 PETITION - 6

believes such an evidentiary hearing is necessary to determine which, if any, other officers knew any information about the living units at the residence at the time of the execution of the search warrants. *Id.*

### C. Statute of Limitations Under 28 U.S.C. § 2255

The United States first argues that Mr. Johnson's Petition should be dismissed for his failure to file within the one-year statute of limitations. Dkt. #9 at 10-15. Petitioner acknowledges that his judgment of conviction became final on October 1, 2012, and therefore he had until October 1, 2013, to file his Petition under 28 U.S.C. § 2255. Dkt. #2 at 11-13. He actually filed his petition in January 2014. Dkt. #1. However, Petitioner seeks equitable tolling based on his inability to access his legal documents and file his petition in a timely manner. Dkt. #2. His request is supported by a letter from Correction Counselor Brian Flanary, who confirms that Mr. Johnson made requests in July and August to review his legal materials, but that Mr. Flanary was unable to accommodate that request until November 2013. Dkt. #2, Ex. 3. Mr. Flanary appears to take responsibility for the delay, noting that it was caused by his training schedule.

In the Ninth Circuit, the one-year statute of limitations for filing a habeas petition may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (internal quotation marks and citation omitted), *overruled in part* on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc). It is Mr. Johnson's burden to demonstrate that extraordinary circumstances exist. *United States v. Marolf*, 173 F.3d 1213, 1218 n. 3 (9th Cir. 1999). "In spite of the high hurdle to the application of equitable tolling, [the Ninth Circuit] ha[s] found equitable tolling of

AEDPA's statute of limitations appropriate in a number of circumstances." *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (internal citation and quotation marks omitted).

Here, Mr. Johnson has carried his burden, particularly in light of Mr. Flanary's letter regarding Mr. Johnson's requests to review his legal documents. Dkt. #2, Ex. 3. The Ninth Circuit has granted equitable tolling in similar circumstances. *See*, *e.g.*, *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (tolling the statute of limitation where an inmate timely requested that a check be drawn on his account to pay for a filing fee, but the delay by prison officials in executing the request caused him to miss his filing deadline). Further, once Mr. Johnson obtained and reviewed his records and secured additional information he believed to be necessary for his filing, he acted promptly in filing his Petition approximately three months after the statute of limitations expired.

**D. Full and Fair Opportunity to Litigate**

The government next argues that Mr. Johnson's Petition is barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976), in which the United States Supreme Court held "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. The *Stone* rule was extended to federal prisoners in *Tisnado v. United States*, 547 F.2d 452, 456 (9th Cir. 1976). The government asserts that Mr. Johnson was provided a full and fair opportunity to litigate his suppression argument in prior proceedings. The Court agrees.

As a general matter, a claim may not be raised in a § 2255 motion if the defendant already had a full and fair opportunity to be heard on that claim on direct appeal. *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000); *see also United States v. Currie*, 589 F.2d 993,

995 (9th Cir. 1979). A habeas petitioner may overcome this rule where "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). Absent one of these conditions, failure to apply this "law of the case" doctrine constitutes an abuse of discretion. *Alexander*, 106 U.S. at 876 (citing *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993)). None of the conditions exist in this case.

Here, Petition was fully able to be heard on his claims that the search warrant lacked sufficient particularity at both the trial court level and the appellate level. Prior to trial, during the hearing on the suppression motion, Mr. Johnson's attorney questioned both Officer Williams and Detective Richardson about what they knew of the residence in question, what information was received from Mr. Jeter, when Detective Richardson received the information, what she told Officer Williams and when she relayed the information. Case No. CR10-0024, Dkt. #97. Significantly, Mr. Johnson's counsel submitted to the Court with his suppression motion Mr. Jeter's response to the government's motion for detention order in his case. CR10-0024RSM, Dkt. #17, Ex. 3. In that brief, Mr. Jeter had argued to the Court, albeit for other reasons, that the house was clearly separated into two separate apartments. Thus, it is evident that both Mr. Jeter and Mr. Johnson believed and asserted to the Court at the time that there were two separate living areas in the residence. Yet, there is no indication in the record that, after hearing Detective Richardson's testimony about her conversation with Mr. Jeter, Mr. Johnson attempted to elicit from Mr. Jeter any contrary information, through declaration, testimony or otherwise. More importantly, there is no indication that he was precluded from doing so. For these reasons, the Court finds that Mr. Johnson fails to demonstrate any inability

ORDER DENYING § 2255 PETITION - 9

to have fully litigated his Fourth Amendment claim on direct appeal, and denies the instant Petition.

## IV.     CONCLUSION

The Court, having considered Petitioner's motion, Respondent's response thereto, Petitioner's Reply, and the remainder of the record, hereby finds and ORDERS:

1) Petitioner's 28 U.S.C. § 2255 motion (Dkt. #1) is hereby DENIED.

2) Petitioner's consolidated Motion to Appoint Counsel and Motion for Evidentiary Hearing (Dkt. #3) is DENIED.

3) The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 12th day of September 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE